No. 40,437

EMALEE MILLION, *Appellant*, v. THE BOARD OF EDUCATION OF THE CITY OF WICHITA, KANSAS, *Appellee*.

(310 P. 2d 917)

Opinion filed May 11, 1957.

*Jean Oliver Moore,* of Wichita, argued the cause, and *Clark V. Owens* and *Wendell Godwin,* of Wichita, were with him on the briefs for appellant.

*Garner E. Shriver,* of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff, Glenn J. Shanahan* and *Orlin L. Wagner,* of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This was a mandamus action instituted by appellant, Emalee Million, to compel appellee, The Board of Education of the City of Wichita, Kansas, to reinstate her as a teacher in Wichita High School East. The trial court denied appellant's motion for a writ of mandamus, and she has appealed.

The pleadings will not be summarized. The parties stipulated to the facts in the trial court, and those pertinent to this appeal are summarized as follows: For several years prior to 1954, appellant was employed as a high school teacher in the public-school system of Wichita and had permanent tenure as an "instructor" as that term is defined in the Tenure of Instructors Act (G. S. 1949, Chapter 72, Art. 54), which entitled her to "continue in service in such public-school system during good behavior and efficient and competent service," and exempted her from discharge except for causes specified in G. S. 1949, 72-5406 followed by notice and hearing pursuant

to G. S. 1949, 72-5407. Likewise, she was entitled to benefits of the Continuing Contract Law (G. S. 1955 Supp. 72-5410 to 72-5412, inclusive), which provides generally that a teacher shall be continued in the employment of the public-school system for the next succeeding school year unless the services of the teacher are terminated as provided by law.

During April 1955 appellee was advised of reasons to discharge appellant due to her incompetency, inefficiency and neglect of duty. On April 6, 1955, pursuant to G. S. 1949, 72-5405, appellee gave appellant a warning and specific statement in writing of the defects or reasons for the proposed discharge, and thereafter appellee's administrator and supervisors conferred and worked with her to assist her in improving her conduct as a teacher.

On August 25, 1955, pursuant to the Continuing Contract Law, appellee reemployed appellant by written contract for the school year 1955-1956, and increased her salary $400 per year in conformity with the employment policies of appellee with respect to all teachers in its public-school system. Appellant accepted the contract of employment and commenced her teaching duties with the opening of the ensuing regular school term.

At a regular meeting of appellee on October 3, 1955, it was advised that grounds for appellant's discharge still continued and were augmented by additional acts and incidents on her part, and her dismissal was proposed effective November 7, 1955, subject to her request for a hearing before appellee as provided by law. On October 4, 1955, Wade C. Fowler, Superintendent of Schools, on behalf of appellee, prepared, personally signed, served and read to appellant a notice entitled "Notice of Discharge," the first and second paragraphs of which read:

"YOU ARE HEREBY OFFICIALLY NOTIFIED in accordance with the provisions of Article 54 of Chapter 72 of the General Statutes of Kansas, 1949, and amendments thereto, that the Board of Education of Wichita, Kansas, for good, sufficient and valid causes, grounds and reasons does discharge, dismiss and terminate you from your present employment and position as Study Hall Supervisor at Wichita High School East.

"YOU ARE HEREBY NOTIFIED that your termination and dismissal shall be effective and your present employment, position and pay or salary terminated as of November 7, 1955; and that on and after October 4, 1955 you are suspended from your work and position and shall not report or be present for duty or work after receipt of this notice."

The third paragraph sets forth five causes for discharge as enumer-

ated in G. S. 1949, 72-5406, proof of any one of which would have warranted dismissal.

The fourth paragraph sets forth specific acts and conduct of appellant covering each of the causes for discharge set forth in the preceding paragraph.

The fifth, sixth and seventh paragraphs of the notice read:

"You Are Hereby Advised and Informed That you may have the right of a hearing before the Board of Education, at which meeting you may be represented by counsel, present evidence, and call and examine witnesses in your behalf.

"You Are Further Advised and Informed that if you desire such hearing, you must file a written request for same within fifteen (15) days after receipt of this notice.

"You are also advised and informed that you shall receive no compensation for any service rendered on and after November 7, 1955."

Following her suspension appellant employed an attorney who made formal written request on October 6, 1955, for a hearing of the causes for discharge in which she advised she desired to present evidence in her behalf. Appellant's request was granted and the hearing was set for November 14, 1955. On that date appellant and her attorney requested the hearing be continued to December 5, 1955, and thereafter further requested it be continued to December 12, 1955. Pending all proceedings to discharge appellant, her regular salary was paid until final termination of her employment on December 12, 1955.

On December 12, 1955, appellant appeared in person and with her attorney for her hearing before appellee. The hearing before appellee's twelve members was lengthy, lasting six hours; nine witnesses testified for appellee and eight witnesses and appellant testified in her behalf. Appellant's counsel, an able and experienced trial lawyer, examined and cross-examined all witnesses. During the proceeding appellant acknowledged she had a fair hearing and full opportunity to present her side of the controversy; that appellee was in no wise to blame for the situation, and that she felt she was meeting friends in appellee and expressed her deep appreciation to its members.

Upon completion of the hearing appellee found that the incidents contained in the Notice of Discharge did occur and that grounds for dismissal existed. Accordingly, it entered an order terminating appellant's employment as of December 12, 1955.

On December 21, 1955, appellant filed a motion for a rehearing

with appellee, which was denied February 7, 1956, following which she instituted this action in the trial court. Upon denial of a writ of mandamus and the overruling of her motion for a new trial, appellant perfected this appeal.

Appellant principally contends that appellee violated the Tenure of Instructors Act when it terminated appellant's employment December 12, 1955. In making the contention, appellant concedes appellee has power to demote or discharge an instructor pursuant to that statute and that its decision is final (G. S. 1949, 72-5407); and that if an instructor is discharged for causes named in the statute, such action is conclusive and not subject to review by the courts unless appellee, in taking the action, acted arbitrarily, unlawfully, oppressively, or was guilty of bad faith or gross abuse of its discretion (*Meffert v. Medical Board,* 66 Kan. 710, 72 Pac. 247; *School District v. Davies,* 69 Kan. 162, 76 Pac. 409; *Board of Education v. Shepherd,* 90 Kan. 628, 135 Pac. 605; *Parrick v. School District,* 100 Kan. 569, 164 Pac. 1172; *Morris v. School District,* 139 Kan. 268, 30 P. 2d 1094). However, appellant makes no contention that appellee acted arbitrarily, or that she did not have a full and fair hearing, or that she was not discharged for one of the statutory causes, or that the evidence did not support the order of dismissal. Her sole contention is that the notice of October 4, 1955, effected her discharge on that date in violation of G. S. 1949, 72-5407, and, consequently, denied her the right to 30 days written notice and to a hearing on causes for her dismissal. She maintains that appellee decided, rather than proposed, to dismiss her at its meeting on October 3, 1955, when she was not present, had no notice to appear or opportunity to be heard, and that decision was placed into effect by the notice of October 4, 1955.

The evident purpose of the Tenure of Instructors Act is to protect competent and worthy instructors and other members of the teaching profession against unjust dismissal of any kind—political, religious or personal, and secure for them teaching conditions which will encourage their growth in the full practice of their profession, unharried by constant pressure and fear, but it does not confer special privileges upon them to retain permanently their positions or salary, nor permit their interference with the control or efficient operation of the public-school system; and, notwithstanding it grants tenure to those who have taught the requisite period, it nonetheless empowers Boards of Education to discharge them for just cause in an orderly manner by the procedures specified.

Did appellee comply with the provisions of the Tenure of Instructors Act when it discharged appellant? An examination of the provisions of the act answers the query. G. S. 1949, 72-5405 provides that the proposed discharge of an instructor having permanent tenure on account of incompetency or neglect of duty (both of which were specified in paragraph three of the Notice of Discharge) shall be preceded by a warning and specific statement in writing of defects or reasons for the proposed discharge so that the instructor may be given an opportunity for improvement. That notice was given appellant April 6, 1955, and we do not regard her re-employment as waiving its purpose. On the contrary, her re-employment indicates appellee's good faith and desire to assist her in becoming a competent and efficient instructor. Moreover, under the facts disclosed by this record, appellee was required to re-employ appellant to comply with the provisions of the Continuing Contract Law and the Tenure of Instructors Act. The statute was complied with.

G. S. 1949, 72-5406 sets forth the causes for discharge. The notice of October 4, 1955, contained five causes enumerated in the statute which formed the basis for appellant's dismissal. That was sufficient.

G. S. 1949, 72-5407 provides that in case it is proposed to discharge an instructor having permanent tenure, he shall be given 30 days written notice stating the causes for discharge and shall have the right to a hearing before the Board of Education where he may be represented by counsel, present evidence and call and examine witnesses on his behalf. If he desires a hearing, he must file a request within fifteen days after receipt of notice. Nothing contained in the statute shall prevent his suspension from duty pending a decision on the cancellation of his contract.

Was the Notice of Discharge defective? Although it was entitled "Notice of Discharge" rather than "Notice of Proposed Discharge and Suspension," or some other appropriate title, that fact alone did not render it insufficient when its full purport is gauged by the statute. It was served upon appellant October 4, 1955, and fixed the termination of her position and her salary as of November 7, 1955. That was more than 30 days following the date of its service. Appellee had the right to suspend appellant as an instructor, which it did on October 4, 1955, but the suspension did not discharge her. Her position and her salary were expressly continued until November 7, 1955, when her employment was fixed to terminate. She was advised of her right to apply for a hearing before appellee within

fifteen days following service of that notice at which time she could be represented by counsel, present evidence and call and examine witnesses in her behalf. Pursuant to that notice, appellant requested a hearing, which was granted, the time of which was twice extended upon her request. As previously indicated, the hearing was lengthy, and appellant acknowledged she had a fair hearing and full opportunity to present her side of the controversy. We do not think her claim that the Notice of Discharge was defective because it terminated her employment on November 7, 1955, is meritorious. Appellee, not knowing whether she would request a hearing, was justified in fixing a definite date following 30 days service of the notice for her dismissal. We think the notice substantially complied with the statute. Moreover, if full credence is given appellant's contention that the notice of October 4, 1955, was defective for reasons asserted, her request for a hearing before appellee and her participation therein constituted an acquiescence and waiver of any purported insufficiency or defect of that notice (*Board of Education v. Jewett*, 21 Cal. App. 2d 64, 68 P. 2d 404; *Kellison v. School Dist. No. 1*, 20 Mont. 153, 50 Pac. 421.

The rule is stated in 47 Am. Jur., Schools, § 140, p. 399, as follows:

". . . As to notices of dismissal, it has been held that even though such a notice is defective, a teacher who participates in a hearing for dismissal waives any defect in the notice."

The rule is also stated in 78 C. J. S. Schools and School Districts, ¶ 204, p. 1095:

"Defects in the notice may be waived by the teacher, such as by appearing at, and participating in, the hearing on the charges."

Appellant claims she was discharged October 4, 1955. It is clear she was not. Both appellant and appellee treated the notice of October 4, 1955, for what it was—a statement of her suspension from her duties on that date and of causes for discharge and termination of her employment November 7, 1955, subject to her right to request a hearing before appellee on the charges specified. That procedure accords with the statute. Moreover, appellant received her full salary until her employment was finally terminated December 12, 1955, which alone negates her discharge on October 4, 1955.

Appellant lastly contends that appellee decided at its meeting on October 3, 1955, to discharge her and that the notice of October 4, 1955, placed that decision into effect. The record does not support the contention. Furthermore, the fact that appellee proposed ap-

pellant's discharge does not disqualify its members to hear and determine the truth or falsity of the charges proposed (78 C. J. S., Schools and School Districts, § 204, p. 1095). In *Morris v. School District,* supra, Mr. Justice Burch said:

"Of course the members of the board had made up their minds what to do, before the meeting. They were not acting in the capacity of jurors who must not form or express an opinion until the cause is finally submitted, and when they got what they believed to be the facts, integrity of mental process led inevitably to conviction. The fact they had concluded the teacher should be dismissed is no evidence the conclusion was corruptly reached or corruptly held. Convinced the teacher should be removed, they gave her a hearing at which their evidence was fully disclosed to her, and asked her what she had to say. She had nothing to say, and they closed the episode in the way they expected it would be closed, and in the way they had prepared to close it—by dismissing her." (l. c. 279.)

When the Notice of Discharge is construed as a whole, which we are bound to do, and when the subsequent conduct and proceedings of both appellee and appellant are considered in connection with it, we are of the opinion it was in substantial compliance with the provisions of G. S. 1949, 72-5407; that appellant's employment was lawfully terminated on December 12, 1955, and that the trial court did not err in denying a writ of mandamus compelling appellee to reinstate appellant as an instructor in its public-school system.

The judgment is affirmed.