No. 50,308

FRANCIS SINCLAIR, *Petitioner,* v. HON. ALFRED G. SCHROEDER, *Respondent.*

(586 P.2d 683)

Opinion filed November 15, 1978.

*Larry Tittel,* of Smyth & Tittel, of Ness City, was on the brief for the petitioner.

*Curt T. Schneider,* attorney general, and *John R. Martin,* deputy attorney general, were on the brief for the respondent.

The opinion of the court was delivered by

FROMME, J.: This is an original action in quo warranto brought by a district magistrate judge whose office was declared vacant

pursuant to K.S.A. 1977 Supp. 20-337 for failure to successfully complete the examination required to qualify for that office.

The facts which gave rise to the present action were stipulated and agreed to by the parties. Francis Sinclair was elected to the office of District Magistrate Judge in Hodgeman County, Kansas, on November 2, 1976, for a term commencing on January 10, 1977. Hodgeman County is in the Twenty-fourth Judicial District of Kansas. In that district the judges of the district court, including magistrate judges, are elected under the election laws applicable to the election of county officers. Petitioner is not a lawyer and upon election to the office of district magistrate judge he was "issued a temporary certificate permitting such judge to commence upon the duties of office, conditioned that such judge becomes certified as being qualified to hold such office, as provided herein." K.S.A. 1977 Supp. 20-337. This statute requires the supreme court to provide for an examination of those persons entering upon the duties of a district magistrate judge in order to ensure that each such person possess the minimum skill and knowledge necessary to carry out the duties of that office. The examination is given at least once each six months. The statute provides, if a district magistrate judge fails to successfully complete the examination within eighteen (18) months after the date said judge takes office, "said judge shall forfeit his or her office and the district magistrate judge position for which such judge was elected or appointed shall be vacant at the expiration of such eighteen-month period."

As previously stated, Judge Sinclair's term began January 10, 1977. The eighteen month examination period expired July 10, 1978. He was afforded opportunities on June 10, 1977, October 25, 1977, and June 9, 1978, to take the same examination given to all other magistrate judges. Review seminars were held in advance of each examination. Judge Sinclair was unable to take the June 10, 1977, examination due to personal health problems but on October 25, 1977, and again on June 9, 1978, examinations were undertaken and on each occasion the test papers were graded by the District Magistrate Judges' Certification Committee. On both October 25, 1977, and June 9, 1978, the certification committee certified to the supreme court that Judge Sinclair failed to demonstrate the minimum skills and knowledge necessary to carry out the duties of the office. Thereupon the respondent as Chief Justice of the Kansas Supreme Court issued an

order, as provided in K.S.A. 1977 Supp. 20-337, declaring the office vacant as of July 10, 1978.

Judge Sinclair stepped down from the magistrate judge position in Hodgeman County and filed the present petition for relief in the form of quo warranto praying that he be allowed to complete the four year term of office for which he had been elected. This court accepted original jurisdiction of the case. The Honorable Alfred G. Schroeder, respondent herein, did not participate in any decision of the court in this case. As the respondent he was directed to file an answer. Briefs were requested of and filed by both parties. Thereafter the parties waived oral argument in writing and agreed that the matter should proceed to final decision.

The petitioner challenges the order which declared the position of magistrate judge vacant in Hodgeman County on four grounds. First, he challenges the order on the ground that K.S.A. 1977 Supp. 20-337, under which the position was declared vacant, conflicts with K.S.A. 1977 Supp. 20-340(a).

The pertinent part of 20-337 provides:

"Any person who takes office as district magistrate judge on January 10, 1977, . . . and who has not been regularly admitted to practice law in Kansas, as required by subsection (c) (3) of K.S.A. 1976 Supp. 20-334, shall be issued a temporary certificate permitting such judge to commence upon the duties of office, conditioned that such judge becomes certified as being qualified to hold such office, as provided herein. The supreme court shall provide by rule for the examination of such district magistrate judges, in order to ensure that each such district magistrate judge possesses the minimum skills and knowledge necessary to carry out the duties of such office. . . . *If a district magistrate judge fails to successfully complete such examination within eighteen (18) months after the date said judge takes office, said judge shall forfeit his or her office and the district magistrate judge position for which such judge was elected or appointed shall be vacant at the expiration of such eighteen month period.*" Emphasis supplied.

The pertinent part of 20-340(a) provides:

"On January 10, 1977, any person who becomes an associate district judge pursuant to the provisions of this act or who is elected to office in the position of associate district judge or district magistrate judge at the general election held in November of 1976 shall commence upon the duties of his or her office. Each such person shall have all the rights, privileges, powers and duties prescribed by law for such office. *Each such judge elected in the November, 1976, general election shall serve for the term for which he or she was elected, unless said judge is removed for cause.*" Emphasis supplied.

Petitioner argues that the provision relating to removal for

cause in 20-340(*a*) conflicts with the provision for forfeiture in 20-337, and that the alleged conflict should be resolved by permitting removal only for cause. He argues that no cause has been demonstrated for his removal.

Both K.S.A. 1977 Supp. 20-337 and 20-340(*a*) are part of the same 1976 enactment, L. 1976, ch. 146, appearing as §§ 22 and 19, respectively. These were contained in the comprehensive enactment providing the statutory implementation for the unified court system authorized by Article 3, § 1 of the Kansas Constitution (1977 Supp.). The legislature created three classes of judges of the district court, two of these, associate district judges and district magistrate judges, being newly created judicial offices. K.S.A. 1977 Supp. 20-301a. In addition, the 1976 legislature prescribed the qualifications for each such class of judges. K.S.A. 1977 Supp. 20-334(*c*) sets forth the qualifications for the office held by petitioner:

"From and after January 10, 1977, any person who is elected, retained in office or appointed as a district magistrate judge shall:

"(1) Be a graduate of a high school or secondary school or the equivalent thereof;

"(2) be a resident of the county in which he or she is elected or for which he or she is appointed to serve; and

"(3) if not regularly admitted to practice law in Kansas, be certified by the supreme court, in the manner prescribed by K.S.A. 1976 Supp. 20-337, as qualified to serve as a district magistrate judge."

These qualifications represent a clear commitment toward assuring a minimum level of competence among Kansas judges who are nonlawyers and have no formal legal education. In this same act the legislature provided that the terms of office of the new classes of judges of the district court would commence January 10, 1977. The act further provided for removal from office for cause.

The 1976 legislature recognized that many judges of county, probate and juvenile courts in the state who were not lawyers had performed their duties ably and responsibly, and their services should be retained. At the same time, the legislature wished to establish a formal procedure for determining which persons holding positions in the newly established class of district magistrate judges did possess the minimum skills and knowledge requisite to the performance of the duties of that office. Accordingly, it prescribed qualifications for district magistrate judges so

as to permit the election or appointment of persons who were not lawyers, but directed this court to administer an examination to such persons to assure that such judges were sufficiently trained and informed to carry out the duties of their offices. The examination was to be and is administered once each six months. Any district magistrate judge who does not complete the examination within eighteen months, after having had three opportunities to take the examination, forfeits the office by operation of law.

With regard to district magistrate judges there is no conflict between the statutory provision for forfeiture of office contained in K.S.A. 1977 Supp. 20-337 and the statutory provision for removal for cause contained in K.S.A. 1977 Supp. 20-340(a). Certainly, the failure to satisfy a statutory qualification for office is "cause" for removal therefrom. However, under the statute a forfeiture of office is automatic and by operation of law. The order of the respondent dated June 29, 1978, merely declared the forfeiture which would become effective July 10, 1978, by operation of 20-337.

At the time petitioner stood for election in the county in November, 1976, the position which he sought required certain qualifications. Since he was not a lawyer at the time of his election he was issued only a temporary certificate permitting him to commence upon the duties of the office. Under 20-337 this temporary permit did not and could not ripen into full entitlement to the office until the permittee had successfully completed the examination, thus demonstrating minimum skills and knowledge of the duties of the office. The period for passing the examination was limited to eighteen (18) months from and after the date he entered upon the duties of said office. Under the admitted facts petitioner did not successfully complete the examination during the eighteen month period. This constituted cause for forfeiture and would have supported an action for his removal had he not stepped down from the judgeship after receiving the order from respondent.

Secondly, petitioner argues that forfeiture of the office without cause and without advance hearing is a denial of due process of law guaranteed by the Fourteenth Amendment to the United States Constitution. We have previously pointed out that failure to successfully complete the examination during the statutory eighteen-month period constitutes cause for forfeiture. So the

only question remaining concerns the necessity for advance hearing.

Petitioner cites *Wertz v. Southern Cloud Unified School District,* 218 Kan. 25, 542 P.2d 339 (1975), in which this court held that a hearing was required prior to the dismissal of a teacher. In that case the court pointed out that "[f]or due process under the 14th Amendment to the U. S. Constitution to apply, there must be state action and deprivation of an individual interest of sufficient substance to warrant constitutional protection." Syl. ¶ 1. We concluded that "[t]he stigma which attaches to mid-year dismissal of a non-tenured teacher for incompetence is sufficiently injurious to call for a hearing" and even though a hearing is not required by state statute, the "constitutional requirements of due process operate to overcome the lack of statutory rule." Syl. ¶ 2.

In *Wertz,* the court recognized that the "property interest in a teacher's contract obligates the government agency (school board) to grant the teacher notice of a proposed dismissal and a hearing at which he can be fully informed of the reasons for dismissal and challenge their sufficiency." 218 Kan. at 30.

However, that is not the case presented here. When petitioner began the duties of the office on January 10, 1977, he had not complied with the statutory qualification provision, and until such time as compliance was demonstrated he was a mere permittee, filling the office during the eighteen month statutory period under a temporary certificate. Office holding is a political privilege and before completion of the examination required of a district magistrate judge his or her right to continue in the office cannot be considered a vested right. See *Leek v. Theis,* 217 Kan. 784, Syl. ¶ 16, 539 P.2d 304 (1975). In this case petitioner's entitlement to the office was subject to a condition precedent. He must successfully complete the required examination in the first eighteen months of the term for which he is elected.

When an interest involving life, liberty and property is implicated the right to some kind of a prior hearing is mandated because of due process considerations emanating from the Fourteenth Amendment. However, a protected due process right must encompass the type of interest recognized under the due process clause of the Fourteenth Amendment. It must be a vested interest. *Leek v. Theis,* 217 Kan. at 784, Syl. ¶ ¶ 13, 14. Clearly, petitioner here asserts no vested "property" interest which is within the protection of the Fourteenth Amendment.

Whether he asserts a vested "liberty" which cannot be denied without an advance hearing is the next question. Admittedly the concept of "liberty" is broad and to be deprived of "liberty" without due process may involve damaging the person's standing and association in his community, damaging his good name, reputation, honor or integrity or imposing on him a stigma or other disability that may foreclose his freedom to obtain and hold another job. *Leek v. Theis,* 217 Kan. at 812.

Petitioner's failure to complete the examination successfully may or may not be personally embarrassing to him. He makes no allegation in this regard. However, he is not a lawyer and the failure to complete the examination successfully does not reflect upon his general competence. Likewise, it rates no reflection upon his good name, honor or integrity, and entails no stigma or disability which affects his freedom to pursue private employment or any other public office. The examination is designed merely to test the extent of lay judges' limited familiarity with a specialized body of professional knowledge. To fail the examination demonstrates only the petitioner's lack of familiarity therewith, and not any dishonorable or otherwise stigmatizing shortcoming.

A district magistrate judge holding office by virtue of the temporary certificate provided for in K.S.A. 1977 Supp. 20-337 does not have a vested right in such office. In event such an incumbent fails to successfully complete the examination within the required eighteen month period forfeiture is automatic and the office becomes vacant.

The measure of protection to be accorded even a Fourteenth Amendment interest may vary with the nature of the interest to be protected. *Wertz v. Southern Cloud Unified School District,* 218 Kan. at 25, Syl. ¶ 7. The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Wertz v. Southern Cloud Unified School District,* 218 Kan. at 25, Syl. ¶ 4. Petitioner does not allege, nor could he, that he has not been advised of the grounds for the forfeiture. The statutory requirement of successful completion of the examination was a precondition or personal qualification of which petitioner was aware when he ran for the office. It is undisputed he took the examina-

tion on two different occasions and was advised of his failure to demonstrate the skill and knowledge required. He received the order declaring the office vacant and did step down from the position. Under these stipulated facts there was absolutely nothing to be heard in advance, and no protected due process rights were violated.

Petitioner also raises an equal protection claim under the Fourteenth Amendment on the ground that as a lay person he is required to satisfy a requirement for the office, completion of the examination, which is not required of licensed attorneys. Petitioner argues that this classification constitutes an "unjust discrimination against one class as opposed to the other."

The classification is clearly not arbitrary. See *State v. Boone,* 218 Kan. 482, 489, 543 P.2d 945 (1975), *cert. denied* 425 U.S. 915, 47 L.Ed.2d 767, 96 S.Ct. 1515, *reh. denied* 425 U.S. 985, 48 L.Ed.2d 811, 96 S.Ct. 2194 (1976). District magistrate judges who are admitted to practice law in this state have graduated from a duly accredited law school, and have demonstrated a familiarity with a wide body of law through completion of the examination for admission to the bar of this state which examination is administered by the State Board of Law Examiners. Nonlawyer judges do not have these professional credentials which in themselves demonstrate the professional knowledge necessary to perform the duties of the office. It is not arbitrary or unreasonable for the legislature to specify formal procedures to determine the qualifications of lay persons to serve as district magistrate judges when their professional qualifications have not been independently determined by formal admission to the bar.

Thirdly, petitioner argues that the mandatory forfeiture of office prescribed by K.S.A. 1977 Supp. 20-337 violates the separation of powers doctrine, and somehow intrudes upon the independence of the judicial branch of government.

The argument is plainly without merit. Article 3, § 7 of the Kansas Constitution (1977 Supp.) states thus:

"*Justices of the supreme court and judges of the district courts* shall be at least thirty years of age and shall be duly authorized by the supreme court of Kansas to practice law in the courts of this state and *shall possess such other qualifications as may be prescribed by law.*" Emphasis supplied.

This language was approved by the voters at the general election in November, 1972. The 1976 legislature established that there

shall be three classes of judges of the district court, one class of which shall be that of district magistrate judge. For a proper resolution of this case it is unnecessary to determine whether the district magistrate judges are "judges of the district courts" within the meaning of Article 3, § 7, and who must therefore be admitted to practice law in this state. It is clear that the constitution reserves to the legislature the power to prescribe qualifications for all judges of the unified judicial system and it is no usurpation of judicial power for the legislature to exercise that legislative prerogative to prescribe such qualifications. See the Constitution of the State of Kansas, Article 3, § 7.

Petitioner does not elaborate upon his separation of powers claim, or describe in what manner the judicial authority of the unified court is impinged upon by legislative action prescribing qualifications for judicial offices. K.S.A. 1977 Supp. 20-337 preserves the independence of the judiciary in assessing and enforcing those qualifications. The examination was administered to petitioner under the direction and authority of the supreme court. Likewise, it is this same court which determines those persons qualified to continue to serve in the judicial system. Under the statutory scheme, there is no legislative intrusion upon any powers reserved by the Kansas Constitution to the unified court of justice.

Lastly, petitioner argues that K.S.A. 1977 Supp. 20-337, under which the forfeiture was declared in this case, is unconstitutional because it provides for removal other than as permitted by Article 3, § 15 of the Kansas Constitution (1977 Supp.). This section of the constitution states:

"Other judges [other than justices of the supreme court] shall be subject to retirement for incapacity, and to discipline, suspension and removal for cause by the supreme court after appropriate hearing."

Petitioner's argument fails to distinguish between forfeiture of the office and removal from it for cause. Clearly, the legislature is empowered to prescribe the qualifications for holding the office of district magistrate judge as well as appropriate procedures for enforcing those requirements. The forfeiture of office mandated by K.S.A. 1977 Supp. 20-337 is self-executing. When petitioner took office on January 10, 1977, he had eighteen months in which to meet this particular qualification for that office. K.S.A. 1977 Supp. 20-334. During the eighteen month period petitioner was a

district magistrate judge both *de facto* and *de jure,* but his right to complete the full term thereof was expressly conditioned upon demonstrating further qualifications for holding the office. When he failed to meet those statutory qualifications for office no proceedings were necessary to remove him from office. The forfeiture was and is self-executing. The constitutional direction that judges may be removed from office for cause does not foreclose legislative authority to prescribe qualifications for such judges, and to provide for a self-executing forfeiture of that office by those who fail to meet the qualifications imposed.

Judgment for respondent.

SCHROEDER, C.J., not participating.