WESSELY v CARROLLTON SCHOOL DISTRICT

Docket No. 73947. Submitted June 19, 1984, at Lansing.—Decided
    September 12, 1984. Leave to appeal applied for.

Gerold W. Wessely, a school principal, Edward P. Zuraw, director
    of special education, and Jane Acker, a special education super-
    visor, were laid off by the Carrollton School District for eco-
    nomic reasons. Wessely, Zuraw, and Acker filed suit against
    Carrollton School District in Saginaw Circuit Court contending
    that defendant did not comply with statutorily mandated proce-
    dures prior to termination of their employment. The trial
    court, Gary R. McDonald, J., denied a motion by plaintiffs for
    summary judgment and granted a motion by defendant for
    summary judgment, holding that the procedures set forth in
    the statute were not applicable to plaintiffs' situation. Plain-
    tiffs Wessely and Zuraw appealed. *Held:*

    The procedural safeguards provided in the statute apply
    where there is a "nonrenewal of contract". Plaintiffs' lay-offs
    cannot be considered a nonrenewal of contract requiring defen-
    dant to follow those procedures.

    Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.
    A statute that is plain and unambiguous is not open to construc-
    tion by a court.

2. SCHOOLS — SUPERINTENDENTS — NONTENURED ADMINISTRATIVE
    PERSONNEL — LAY-OFFS.
    The statute governing the employment of school superintendents
    and other nontenured administrative personnel applies where
    there is a "nonrenewal of contract" and does not apply to a
    situation where such personnel are laid off due to economic
    necessity (MCL 380.132; MSA 15.4132).

*Lambert, Leser, Hebert, Dahm, Giunta & Cook,
P.C. (by Peter F. Dahm),* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 194.
[2] 68 Am Jur 2d, Schools § 42.

*Thrun, Maatsch & Nordberg, P.C.* (by *Patrick B. Mooney),* for defendants.

Amicus Curiae:

*Gregory, Van Lopik, Moore & Jeakle* (by *Kenneth M. Gonko),* for The Michigan Elementary and Middle School Principals Association.

Before: MacKenzie, P.J., and Beasley and J. R. Kirwan,* JJ.

Per Curiam. Plaintiffs were administrative employees of defendant school district. Wessely was a principal, Zuraw was director of special education, and Acker was a special education supervisor. Plaintiffs were laid off, and sued, contending that defendant's Board of Education did not comply with the procedural steps spelled out in MCL 380.132; MSA 15.4132 prior to termination of their employment. The trial court denied plaintiffs' motion for summary judgment and awarded summary judgment to defendant. Plaintiffs appeal as of right. We affirm the trial court's finding that the procedures specified in this statute were not applicable to plaintiffs' situation.

The statute in question, which is part of the School Code of 1976, MCL 380.1 *et seq.;* MSA 15.4001 *et seq.,* governs employment contracts of school administrators:

"(2) The board may employ assistant superintendents, principals, assistant principals, guidance directors, and other administrators who do not assume tenure in position, for terms, not to exceed 3 years, fixed by the board and shall define their duties. The employment shall be under written contract. Notification of nonrenewal of contract shall be given in writing at least 60

---

* Circuit judge, sitting on the Court of Appeals by assignment.

days before the contract termination date or the contract is renewed for an additional 1-year period.

"(3) A notification of nonrenewal of contract of a person described in this section may be given only for a reason that is not arbitrary or capricious. The board shall not issue a notice of nonrenewal under this section unless the affected person has been provided with not less than 30 days' advance notice that the board is considering the nonrenewal together with a written statement of the reasons the board is considering the nonrenewal. After the issuance of the written statement but before the nonrenewal statement is issued the affected person shall be given the opportunity to meet with not less than a majority of the board to discuss the reasons stated in the written statement. The meeting shall be open to the public or a closed session as the affected person elects under [MCL 15.268; MSA 4.1800(18)]. The failure to provide for a meeting with the board or the finding of a court that the reason for nonrenewal is arbitrary or capricious shall result in the renewal of the affected person's contract for an additional 1-year period. This subsection does not apply to the nonrenewal of the contract of a superintendent of schools."

The procedural safeguards provided in both paragraphs cited above come into play when there is a "nonrenewal of contract". The issue in this case is whether plaintiffs' lay-offs could be considered a nonrenewal of contract, requiring defendant to follow these procedures.

Plaintiffs' employment was governed by the terms of a collective bargaining agreement with defendant's board of education, which provided that the board could lay off an administrator for financial reasons, provided that notification of intent to lay off be given an administrator not later than October 15 for a lay-off effective the following June 30.

At a June 28, 1982, meeting of the board, official action was taken to extend plaintiffs' employment

for two years, through June 30, 1984. However, at an October 11, 1982, board meeting, the board again took official action, laying off plaintiffs effective June 30, 1983. The board sent plaintiffs letters dated October 12, 1982, informing them of its decision, citing financial reasons caused by declining enrollment, declining state pay, and reorganization of the special education consortium.

Plaintiffs were given no notice that the board was contemplating such action. If plaintiffs are correct in their assertion that the statute applies to situations such as theirs, the board would have been required to have given them advance notice that it was considering laying them off, and plaintiffs would have been entitled to a meeting with the board to discuss the reasons for it.

Plaintiffs argue that the statute should be construed to apply not only to those situations where an administrator's contract is not renewed upon expiration of the contract, but also to situations such as theirs, where employment is terminated in the middle of the term of the contract by lay-off. Plaintiffs support their claim by pointing to a provision in their collective bargaining agreement which states that their two-year contract is renewable each year. Plaintiffs argue that the board was required to renew their contract annually and that the fact that the board took no action to renew their contract in 1983 renders their lay-offs nonrenewals.

A statute that is plain and unambiguous is not open to construction by a court. *City of Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959); *Perry v Sturdevant Mfg Co,* 124 Mich App 11; 333 NW2d 366 (1983). We find nothing ambiguous in the statute before us that would require us to construe it or analyze the legislative intent behind it. It clearly applies to nonrenewals of

contracts. There is no reason to extend it to lay-offs as well. Plaintiffs argue that administrators need procedural protections from lay-offs as well as from nonrenewals of contracts. That argument might well be taken up with the Legislature, or at the next collective bargaining talks. But it does not persuade us to expand application of this statute to accommodate plaintiffs' situation.

As the trial judge noted, nonrenewal of a contract terminates the legal relationship between the contracting parties, whereas a lay-off does not necessarily mean cessation of the employment contract. This case provides a good example of the distinction. Under the collective bargaining agreement, the board is required to make every effort to provide a classroom teaching position for laid-off administrators. If the board is unable to procure a position for any laid-off administrator, it must compensate the administrator with a lump sum payment of $2,800.

This Court rejected an argument similar to plaintiffs' which was made by teachers in *Chester v Harper Woods School Dist,* 87 Mich App 235; 273 NW2d 916 (1978), *lv den* 406 Mich 942 (1979). The teacher tenure act affords various procedural protections for teachers who are discharged or demoted. MCL 38.101; MSA 15.2001. This Court ruled, however, that these protections are not extended to teachers laid off for economic necessity. The *Chester* Court pointed out that statutory provisions entitling teachers to notice of the charges against them and a hearing before the school board would be useless gestures in the context of a lay-off for economic necessity, since neither the teachers' conduct nor performance was being called into question. *Id.,* p 244.

Defendant fully complied with the procedural protections provided in the parties' collective bar-

gaining agreement. Plaintiffs have made no allegations that defendant laid them off as a subterfuge for not renewing the contract, so as to intentionally deny them the procedural protections the statute offers for nonrenewal of contract. *Cf., Chester, supra.*

Nor does plaintiffs' "annual renewal" argument persuade us to adopt their reasoning. According to the Master Agreement, the two-year contract is automatically renewed annually, unless the board gives written notice 90 days prior to its renewal date. Thus, absent notice of nonrenewal, the contract continues. The contract could be renewed, even though plaintiffs were laid off. Plaintiffs' contract was not even due to expire until June 30, 1984. Unless they received notice April 1, 1984, of nonrenewal, they still cannot come under the protective umbrella of MCL 380.132; MSA 15.4132.

Affirmed.