ROBERTS v BEECHER COMMUNITY SCHOOL DISTRICT

Docket No. 78024. Submitted November 9, 1984, at Lansing.—Decided April 11, 1985.

Plaintiff, Daroleen Roberts, was employed in defendant Beecher Community School District as an elementary school principal under a written contract. Employment was to commence July 1, 1982, and terminate on June 30, 1984. On March 24, 1983, however, plaintiff received notice that she would be laid off effective June 30, 1983, due to a severe economic situation. In June of 1983, plaintiff received further notification informing her that she would be returned to a teaching position within the school district and that her salary would be reduced accordingly. Plaintiff brought an action against the school district and its board of education in the Genesee Circuit Court contending that defendants violated the notice requirements of the School Code and that, as a result, her contract of employment should have been automatically extended for another year. Defendants contended that the notice requirement of the School Code is inapplicable to economic layoffs and that they were bound only by the notice provisions contained within the contract of employment itself. The court, Philip C. Elliott, J., granted summary judgment for defendants. Plaintiff appealed. *Held:*

The statute governing the employment of nontenured administrative personnel applies where there is a "nonrenewal of contract" but does not apply to a situation where such personnel are laid off due to economic necessity.

Affirmed.

Schools — Nontenured Administrative Personnel — Layoffs.

The statute governing the employment of nontenured administrative personnel applies where there is a "nonrenewal of contract" but does not apply to a situation where such personnel are laid off due to economic necessity (MCL 380.132; MSA 15.4132).

References for Points in Headnote
68 Am Jur 2d, Schools § 149 *et seq.*
Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

*Gregory, Van Lopik, Moore & Jeakle* (by *Kenneth M. Gonko)*, for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato)*, for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and M. R. STEMPIEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary judgment in favor of the defendants in this public school employment case. We affirm.

Plaintiff was employed as an elementary school principal in the Beecher Community School District pursuant to a written contract of employment. Employment was to commence July 1, 1982, and terminate on June 30, 1984. On March 24, 1983, however, plaintiff received notice that she would be laid off effective June 30, 1983, due to a "severe economic situation". In June of 1983, plaintiff received further notification informing her that she would be returned to a teaching position within the school district and that her salary would be reduced accordingly.

Plaintiff filed this lawsuit in circuit court, contending that defendants violated the notice requirements of § 132 of the School Code of 1976, MCL 380.1 *et seq.;* MSA 15.4001 *et seq.,* as amended, and that, as a result, her contract of employment should have been automatically extended for another year. Defendants responded that § 132 is inapplicable to economic layoffs and that they were bound only by the notice provisions contained within the contract of employment itself. There is no dispute but that the notice requirements of paragraph 7 of the contract were

---

* Circuit judge, sitting on the Court of Appeals by assignment.

followed and there is no dispute that the notice provisions of § 132 of the School Code of 1976 were not. Both parties filed motions for summary judgment under GCR 1963, 117.2(3) and the trial court issued a decision in favor of the defendants.

The critical issue in this case is whether MCL 38.132; MSA 15.4132 applies where a nontenured school administrator, such as an elementary school principal, is laid off for economic reasons. If so, defendant's failure to comply with the applicable notice requirements effectively guaranteed plaintiff a position as principal for the 1983-1984 school year.

Following the filing of plaintiff's claim of appeal in this case, another panel of this Court was presented with this very issue in *Wessely v Carrollton School Dist,* 139 Mich App 439; 362 NW2d 731 (1984). The panel in that case held that MCL 38.132; MSA 15.4132 did not apply to nontenured school administrators who are laid off for economic reasons. We agree. Section 132 expressly refers to "nonrenewals" in imposing certain notice requirements and omits any reference to the temporary loss of employment known as layoff. The "nonrenewal" of an employment contract is a term of art and describes a phenomenon significantly different from a mid-contract economic layoff. This Court in *Wessely* observed that the "nonrenewal of a contract terminates the legal relationship between the contracting parties, whereas a lay-off does not necessarily mean cessation of the employment contract". 139 Mich App 443. Contrary to the plaintiff's arguments on appeal, the difference is not simply one of labeling. For example, in the instant case, plaintiff was almost immediately assigned to a teaching position as required under the collective bargaining agreement between defendant and the Beecher Education Association, of

which plaintiff was apparently a member. The legislative use of the term "nonrenewal" in § 132 is specific and unambiguous and must be construed and applied on its face. Since this case involves an economic layoff and not a nonrenewal, § 132 does not apply.

Our construction of the language comports with the clear purpose of § 132, which is to protect nontenured administrators from the arbitrary and capricious actions of local school boards. Where a school board's action in dismissing an administrator is genuinely mandated by economic conditions, the potential for arbitrary and capricious behavior is all but precluded. We note in this context that § 132 does not guarantee continued employment but merely attempts to guarantee that an administrator will not be discharged for reasons that are arbitrary or capricious. The notice requirements are procedural mechanisms designed to achieve this purpose. Since legitimate economic layoffs are by their nature neither arbitrary nor capricious, the extended procedural protections of § 132 are not required.

Affirmed.