42

(819 P.2d 1236)

No. 65,857 ■

LeRoy Thompson, *Appellant,* v. Unified School District No. 259, Wichita, Kansas, *Appellee.*

Opinion filed August 2, 1991. ▨

*G. Knute Fraser,* of Wichita, for appellant.

*David M. Rapp,* of Hinkle, Eberhart & Elkouri, of Wichita, and *William H. Dye* and *Timothy B. Mustaine,* of Foulston & Siefkin, of Wichita, for appellee.

Before RULON, P.J., REES and BRAZIL, JJ.

BRAZIL, J.: LeRoy Thompson appeals the trial court's grant of summary judgment in favor of the Board of Education of Unified School District No. 259, Wichita, Kansas (Board). Thompson claims his employment was terminated unlawfully and he was

entitled to notice on or before April 10 of the year in which he was terminated or he could assume he would be offered a contract for the next school year as mandated under K.S.A. 72-5411 and K.S.A. 72-5437. He further claims that Article XVIII of the Teachers' Employment Agreement was void because it violated those statutes and his Fourteenth Amendment due process rights. We affirm.

Briefly stated, Thompson was a tenured avionics teacher in the vocational education program of U.S.D. No. 259. He was certified to teach only avionics, and he was a competent and satisfactory teacher.

In May 1989, the acting director of the Board's division of vocational and continuing education recommended that the avionics program be discontinued. To enable the vocational department to receive state funding, at least 70% of its graduates must be placed in jobs in private industry. The Wichita program had failed to "even come close" to this placement rate. The district was also faced with low enrollment in the program. On July 10, 1989, the Board voted to discontinue the avionics program and lay off Thompson and another avionics teacher.

In a letter dated July 11, 1989, the Board notified Thompson he was laid off effective August 11, 1989, from his teaching position. The letter stated the layoff was in accordance with Article XVIII of the Teachers' Employment Agreement collectively bargained for between the Board and the National Education Association-Wichita (NEA-W).

1. Summary judgment.

A motion for summary judgment under K.S.A. 1990 Supp. 60-256(c) is to be granted only where the record conclusively shows there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. *Busch v. City of Augusta*, 9 Kan. App. 2d 119, Syl. ¶ 2, 674 P.2d 1054 (1983). This case was tried pursuant to motions for summary judgment filed by both parties. There were no material facts in dispute; thus, the issues are whether reasonable minds could differ as to the conclusion drawn from the agreed facts and whether the court correctly found as a matter of law that the negotiated agreement did not conflict with the statutory scheme and Thompson's due

process rights were not violated. "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

2. The collective bargaining agreement.

The trial court found that Thompson had been laid off instead of terminated; thus, the layoff was governed by Article XVIII of the collective bargaining agreement and not by K.S.A. 72-5411 and 72-5437.

On appeal from summary judgment, if reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 306, 786 P.2d 416 (1988).

The Board argues it did not terminate the contractual relationship with Thompson and that it continued to owe him a variety of contractual duties. It points out that, had it terminated Thompson, it would have ceased its contractual obligations to him.

In addition, the collective bargaining agreement provides that no layoff is a termination or nonrenewal under K.S.A. 72-5436 *et seq.* There is no controversy that, although Thompson was not a member of NEA-W, the NEA-W represented and bargained for Thompson. Thus, Thompson was bound by the collective bargaining agreement. Accordingly, reasonable minds could not differ as to the conclusions drawn from the agreed-upon facts.

Thompson claims the trial court erroneously determined the negotiated agreement and subsequent actions of the Board took precedence over the mandate of K.S.A. 72-5411 and K.S.A. 72-5437. He argues the Board's actions were ultra vires and therefore void. The Board responds that 72-5411 and 72-5437 do not prohibit a school board from laying off teachers with employment contracts when layoffs are for economic reasons unrelated to the teachers' performance.

In *Wessely v. Carrollton School*, 139 Mich. App. 439, 362 N.W.2d 731 (1984), at issue was a Michigan statute requiring the Board of Education to notify school administrators of nonrenewal at least 60 days before the contract termination date or the contract would automatically be renewed. The plaintiffs' contracts

were not nonrenewed within the statutory deadline, but a collective bargaining agreement permitted the board to lay off the school administrators after the statutory deadline for nonrenewal.

The *Wessely* court stated:

"We find nothing ambiguous in the statute before us that would require us to construe it or analyze the legislative intent behind it. It clearly applies to nonrenewals of contracts. There is no reason to extend it to lay-offs as well. Plaintiffs argue that administrators need procedural protections from lay-offs as well as from nonrenewals of contracts. That argument might well be taken up with the Legislature, or at the next collective bargaining talks. But it does not persuade us to expand application of this statute to accommodate plaintiffs' situation.

"As the trial judge noted, nonrenewal of a contract terminates the legal relationship between the contracting parties, whereas a lay-off does not necessarily mean cessation of the employment contract. This case provides a good example of the distinction. . . .

"This Court rejected an argument similar to plaintiffs' which was made by teachers in *Chester v. Harper Woods School Dist.*, 87 Mich. App. 235, 273 N.W.2d 916 (1978), *lv. den.* 406 Mich. 942 (1979). The teacher tenure act affords various procedural protections for teachers who are discharged or demoted. M.C.L. § 38.101; M.S.A. § 15.2001. This Court ruled, however, that these protections are not extended to teachers laid off for economic necessity. The *Chester* Court pointed out that statutory provisions entitling teachers to notice of the charges against them and a hearing before the school board would be useless gestures in the context of a lay-off for economic necessity, since neither the teachers' conduct nor performance was being called into question." 139 Mich. App. 442-43.

This reasoning is applicable to the present case. K.S.A. 72-5411 and K.S.A. 72-5437 unambiguously state they apply to teacher *terminations*. Thus, the statutes do not protect Thompson from layoff.

The trial court in the present case found that layoff and recall is a mandatory topic of negotiations under the Professional Negotiations Act and that it was negotiable by both NEA-Wichita and the Board. In a letter on its decision, the court reasoned that under Kansas law the collective bargaining unit representing the NEA can lawfully negotiate a provision in the contract dealing with layoff and recall of teachers that waives any time limits prescribed under Kansas statutes.

All teaching contracts are deemed to continue for the next succeeding school term unless the school district gives notification to the teacher of intention to terminate on or before April 10.

K.S.A. 72-5437; K.S.A. 72-5411. Notwithstanding these statutory provisions, Article XVIII § B ¶ 1(a) of the employment agreement provides that teachers whose positions have been eliminated can be laid off. The agreement further provides that only 30 days' written notice need be given of a layoff. A layoff under the agreement is not to be considered a termination or nonrenewal under K.S.A. 72-5436 *et seq.* or K.S.A. 72-5411.

Thompson argues K.S.A. 1989 Supp. 72-5413(l) of the Professional Negotiations Act is a general definitional statute adopted to control substantive rights of parties. He claims the Board did not have authority for its actions under this subsection. Thompson also argues that, in order for K.S.A. 72-5411 and K.S.A. 72-5437 to be consistent with K.S.A. 1989 Supp. 72-5413(l), this court must recognize 72-5413(l) is merely definitional and does not change the substantive rights of timeliness of notice.

In *U.S.D. No. 501 v. Secretary of Kansas Dept. of Human Resources,* 235 Kan. 968, 685 P.2d 874 (1984), the issue of the negotiability of layoff and recall language in a collective bargaining contract was before the Kansas Supreme Court. The court held: "In the event of a reduction in staff, the mechanics of staff reduction is a mandatorily negotiable topic under K.S.A. 72-5413(l)." 235 Kan. 968, Syl. ¶ 2.

In reaching this conclusion, the court in *U.S.D. No. 501* looked at the topic approach established in *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 593 P.2d 406 (1979), to determine whether a particular item is mandatorily negotiable. Under the topic approach, a proposal does not have to be specifically listed under K.S.A. 72-5413(l) to be mandatorily negotiable as a term and condition of employment. All that is required is that the subject matter of the specific proposal be within the purview of one of the categories listed under "terms and conditions of professional service." *U.S.D. No. 501,* 235 Kan. at 969. After applying the topic approach, the court in *U.S.D. No. 501* stated: "We agree with the secretary and the district court that the decision to reduce staff is a managerial decision for the school board and thus is not mandatorily negotiable. However, the *mechanics* for termination or nonrenewal of teachers as a result of reduction of staff are mandatorily negotiable items." 235 Kan. at 973. In so holding, the court recognized language from the 1980

amendment to 72-5413(1), which provided: "Except as otherwise expressly provided in this subsection, the fact that any matter may be the subject of a statute or the constitution of this state does not preclude negotiation thereon so long as the negotiation proposal would not prevent the fulfillment of the statutory or constitutional objective." L. 1980, ch. 220, § 1.

In *Ottawa Education Ass'n v. U.S.D. No. 290*, 233 Kan. 865, 666 P.2d 680 (1983), the issue was whether certain provisions of a negotiated agreement between OEA and the board relating to the reduction of the teaching staff violated any provision of K.S.A. 72-5410 *et seq.* The negotiated agreement for the 1981-82 school year set forth procedures to follow for reducing teaching positions due to declining enrollment or declining revenues. Any teacher who might have been affected by a proposed reduction was to be given notice by April 1 that his or her position had been terminated pending a decision of the evaluation committee. Affected teachers could apply for reemployment by May 1 and were to be notified of the decision of the evaluation committee by May 15. The board would then make the final decision after May 15. 233 Kan. 865-66.

While this agreement was in effect, the board became aware a reduction in teaching staff was necessary due to low enrollment. On March 8, 1982, the board voted not to renew the contracts of ten teachers. Notice of intent not to renew was given to these teachers. On March 15, 1982, the board voted to nonrenew these contracts and notified the teachers. The procedures for reduction of teaching staff set forth in the negotiated agreement were not followed. 233 Kan. at 866.

The Supreme Court in *Ottawa* determined the agreement, which provided for notification of nonrenewal after May 15, conflicted with 72-5411 and 72-5437, which then required notification of nonrenewal by April 15. The court held the agreement was therefore ineffective and void. 233 Kan. at 869. The court stated that the board must notify those teachers who were to be terminated or nonrenewed by April 15. "If the Board delays that decision until after May 15, it loses its chance to reduce its teaching staff." 233 Kan. at 868.

The *Ottawa* case is distinguishable in that it dealt with termination or nonrenewal, whereas, the present case deals with

layoffs. Thus, contrary to Thompson's claim, *Ottawa* does not control the present case. Instead, the plain language of K.S.A. 72-5411 and 72-5437 shows the statutes are inapplicable to layoffs. Layoff is a mandatorily negotiable topic, causing Thompson to be bound by the negotiated agreement.

Thompson also argues the trial court erred in finding a general definitional statute should be given effect over specific statutes that mandate timely notice requirements for teacher terminations. This argument is without merit as there is no conflict between the statutes, and K.S.A. 72-5411 and K.S.A. 72-5437 do not protect from layoff.

3. Due process.

Thompson argues the trial court's interpretation of the statute results in a taking of his property interest guaranteed under the Fourteenth Amendment without due process. Thompson further argues that K.S.A. 72-5410 *et seq.* establishes a floor for due process rights to be afforded to a teacher that will be terminated, laid off, or nonrenewed.

The trial court determined due process requirements can be waived under Kansas law and, in the present case, due process was waived by the collective bargaining agreement.

*Gorham v. City of Kansas City*, 225 Kan. 369, 590 P.2d 1051 (1979), involved suspension and termination procedures collectively bargained for between a city and its police force. The court held the provisions of the collective bargaining agreement constitute an effective waiver of pre-suspension or pre-termination hearings required before property rights may be divested. The court reasoned:

"Few cases have considered waiver of employee's individual rights by a collective bargaining unit, but those we have found support waiver. Perhaps the leading case is that of *Antinore v. State of New York*, 49 App. Div. 2d 6, 371 N.Y.S.2d 213 (1975), *aff'd* 40 N.Y.2d 921, 358 N.E.2d 268 (1976). Antinore, a tenured public employee who was suspended without pay pending removal proceedings resulting from charges of misconduct, contended that the grievance procedure provided in the collective bargaining agreement denied his constitutional rights of a pre-suspension hearing and that he had not waived his constitutional rights. The court held that parties to collective bargaining agreements are free to agree to procedures for the resolution of disputes in a manner which disposes of constitutionally guaranteed rights." 225 Kan. at 376-77.

The essential elements of due process of law are notice and an opportunity to be heard. *Wertz v. Southern Cloud Unified School District*, 218 Kan. 25, 30, 542 P.2d 339 (1975). A public school teacher has a property interest in his expectancy of continued employment sufficient to require notice and hearing prior to non-renewal of his contract under K.S.A. 72-5410 *et seq.* 218 Kan. at 30. The property interest in a teacher's contract obligates the school board to grant the teacher notice of a proposed dismissal and a hearing at which he can be fully informed of the reasons for dismissal and challenge their sufficiency. The constitutional right to due process may be waived. 218 Kan. at 30.

Although Thompson argues *Gorham* is distinguishable, the principle announced that the collective bargaining agreement constitutes an effective waiver of due process rights controls. Thus, in the present case, the agreement waived the April 10 notice requirements. In addition, the Board afforded Thompson his due process rights. He received the agreed-upon 30-day notice and an opportunity to be heard.

Affirmed.