SANDERS v DELTON KELLOGG SCHOOLS

Docket No. 161752. Submitted October 11, 1994, at Grand Rapids. Decided February 21, 1995, at 10:10 A.M. Leave to appeal sought.

Camille C. Sanders brought an action in the Barry Circuit Court against Delton Kellogg Schools and M. Dean McBeth, superintendent of the Delton Kellogg Schools, alleging that the defendants did not comply with the procedural mechanisms established in MCL 380.132; MSA 15.4132 for nonrenewal of an administrator's contract before removing her from her administrative position as a middle school assistant principal and assigning her to a nonadministrative position as a special education teacher at the middle school. The court, Richard M. Shuster, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

The reassignment of the plaintiff, a nontenured school administrator, to a nonadministrative teaching position constituted the nonrenewal of the plaintiff's contract. The practical effect of the defendants' action was to terminate the plaintiff's employment as an administrator and to rehire her as a teacher. The plaintiff was discharged as an administrator without being provided notification of the nonrenewal of her contract pursuant to the procedural mechanisms provided in MCL 380.132; MSA 15.4132.

Reversed and remanded.

MACKENZIE, J., dissenting, stated that the trial court properly determined that the term "nonrenewal," as used in MCL 380.132; MSA 15.4132, is synonymous with discharge or termination from employment and unambiguously denotes the severance of the legal relationship between the employer school district and the employee administrator. The procedural protections set forth in the statute do not apply in this case because

REFERENCES

Am Jur 2d, Public Officers and Employees § 259.

Termination of public employment: right to hearing under due process clause of Fifth or Fourteenth Amendment—Supreme Court cases. 48 L Ed 2d 996.

there was no complete cessation of the employer-employee relationship. The trial court's determination should be affirmed.

SCHOOLS — ADMINISTRATIVE PERSONNEL — CONTRACTS — NONRE-
NEWAL.

The reassignment of a nontenured school administrator to a nonadministrative teaching position constitutes a "nonrenewal" of the administrator's contract that, pursuant to the statute that governs employment contracts of administrators, triggers application of the statutory procedural mechanisms regarding the nonrenewal of such contracts (MCL 380.132; MSA 15.4132).

*Deming, Hughey, Lewis, Allen & Chapman, P.C.* (by *Ross E. Chapman* and *Richard J. Bosch*), for the plaintiff.

*Britton & Bossenbroek, P.C.* (by *James M. Searer*), for the defendants.

Before: FITZGERALD, P.J., and MACKENZIE and L. M. GLAZER,* JJ.

FITZGERALD, P.J. This case presents a question of statutory interpretation regarding the reassignment of a school administrator to a nonadministrative teaching position. At issue is the meaning of the term "nonrenewal" contained within MCL 380.132; MSA 15.4132, the statute that governs employment contracts of administrators. Plaintiff appeals as of right from an order of summary disposition for defendants. We reverse.

Plaintiff was employed as a middle school assistant principal in the Delton Kellogg School District pursuant to a written administrator's contract of employment. Plaintiff's employment for the 1989-90 school year was to commence "two weeks before school starts" and terminate "one week after school ends." Plaintiff's employment contract provided:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

This contract is for professional services with the present assignment being assistant principal in the middle school. Such assignment is subject to change by the employer with proper notice to the employee.

In June 1990, plaintiff was informed by Superintendent M. Dean McBeth that her contract would be rolled over for the 1990-91 school year and that she would be reassigned to a teaching position[1] within the school district at the same salary. Plaintiff received a teacher's employment contract for the 1991-92 school year.

Plaintiff filed this lawsuit in the circuit court, alleging that defendants did not comply with the procedural mechanisms established in MCL 380.132; MSA 15.4132 for nonrenewal of an administrator's contract before removing her from her administrative position and placing her in a nonadministrative position. The trial court denied plaintiff's motion for summary disposition and granted summary disposition for defendants.

MCL 380.132; MSA 15.4132 provides, in pertinent part:

(2) The board may employ assistant superintendents, principals, assistant principals, guidance directors, and other administrators who do not assume tenure in position, for terms, not to exceed 3 years, fixed by the board and shall define their duties. The employment shall be under written contract. Notification of nonrenewal of contract shall be given in writing at least 60 days before the contract termination date or the contract is renewed for an additional 1-year period.

(3) A notification of nonrenewal of contract of a person described in this section may be given only for a reason that is not arbitrary or capricious.

---

[1] Plaintiff was assigned to the position of special education teacher at the middle school.

The board shall not issue a notice of nonrenewal under this section unless the affected person has been provided with not less than 30 days' advance notice that the board is considering the nonrenewal together with a written statement of the reasons the board is considering the nonrenewal. After the issuance of the written statement but before the nonrenewal statement is issued the affected person shall be given the opportunity to meet with not less than a majority of the board to discuss the reasons stated in the written statement. . . . The failure to provide for a meeting with the board or the finding of a court that the reason for nonrenewal is arbitrary or capricious shall result in the renewal of the affected person's contract for an additional 1-year period.

Whether MCL 380.132; MSA 15.4132 applies where a nontenured school administrator is reassigned to a nonadministrative teaching position is an issue of first impression. The critical inquiry is whether such a reassignment constitutes a nonrenewal of the administrator's contract.

The purpose of MCL 380.132; MSA 15.4132 is to protect nontenured administrators from the arbitrary and capricious actions of local school boards. This Court had occasion to address whether § 132 applies where a nontenured school administrator is laid off for economic reasons in *Wessely v Carrollton School Dist,* 139 Mich App 439; 362 NW2d 731 (1984), and *Roberts v Beecher Community School Dist,* 143 Mich App 266; 372 NW2d 328 (1985). Those cases held that the statute did not apply to nontenured school administrators who are laid off for economic reasons, because an economic layoff is not a nonrenewal. In so holding, the *Roberts* Court, p 269, reasoned:

Our construction of the language comports with the clear purpose of § 132, which is to protect

nontenured administrators from the arbitrary and capricious actions of local school boards. Where a school board's action in dismissing an administrator is genuinely mandated by economic conditions, the potential for arbitrary and capricious behavior is all but precluded. We note in this context that § 132 does not guarantee continued employment but merely attempts to guarantee that an administrator will not be discharged for reasons that are arbitrary or capricious. The notice requirements are procedural mechanisms designed to achieve this purpose. Since legitimate economic layoffs are by their nature neither arbitrary nor capricious, the extended procedural protections of § 132 are not required.

*Roberts,* p 268, also noted that the *Wessely* Court observed that the "nonrenewal of a contract terminates the legal relationship between the contracting parties, whereas a lay-off does not necessarily mean cessation of the employment contract." In the present case, there is no dispute that there was not a complete cessation of the employer-employee relationship between plaintiff and defendants. However, the practical effect of defendants' action was to terminate plaintiff's employment as an administrator and to rehire her as a special education teacher with a continuation of the salary and benefit provisions of the administrator's contract. Plaintiff was subsequently given a teacher's contract. For all intents and purposes, defendants effectively discharged plaintiff as an administrator without providing notification of nonrenewal of the contract pursuant to § 132.

Adopting defendants' view that plaintiff's contract was not nonrenewed but was rolled over with a reassignment of duties pursuant to the terms of plaintiff's contract would effectively give school boards unfettered discretion to remove administrators from administrative positions. This is the evil

that the procedural protections provided in the statute was intended to prevent. Indeed, on the record presented, there is evidence suggestive that McBeth acted arbitrarily in removing plaintiff from her administrative position.[2]

Given the purpose of § 132, we must hold that a school district's decision to reassign an administrator to a nonadministrative position constitutes a nonrenewal of the administrator's contract within the meaning of MCL 380.132; MSA 15.4132 and triggers the procedural mechanisms established in the statute. Accordingly, we reverse the trial court's grant of summary disposition for defendants.

Reversed and remanded.

L. M. GLAZER, J., concurred.

MACKENZIE, J. *(dissenting).* This case involves the meaning of the word "nonrenewal" as used by the Legislature in MCL 380.132; MSA 15.4132, the statute governing employment contracts of administrators. The trial court determined that the term is synonymous with discharge or termination from employment. The majority adopts a less restrictive definition that includes a reassignment from an administrative position to a nonadministrative position. I am of the opinion that the majority's interpretation of the statute is overbroad and find no error in the trial court's application of the more restrictive definition. Accordingly, I dissent.

As noted by the majority, this Court had occasion to address what constitutes a "nonrenewal" under § 132 in *Wessely v Carrollton School Dist,*

---

[2] McBeth testified in his deposition that he determined that it would be in the district's best interest if plaintiff did not continue in the position of middle school assistant principal. He has repeatedly refused to provide any specific reason to explain his determination. Instead, he explained that "[i]t's just my judgment."

139 Mich App 439; 362 NW2d 731 (1984), and *Roberts v Beecher Community School Dist,* 143 Mich App 266; 372 NW2d 328 (1985). Those cases held that an economic layoff is not a "nonrenewal." The *Wessely* Court reasoned:

> A statute that is plain and unambiguous is not open to construction by a court. We find nothing ambiguous in the statute before us that would require us to construe it or analyze the legislative intent behind it. It clearly applies to nonrenewals of contracts. There is no reason to extend it to layoffs as well. Plaintiffs argue that administrators need procedural protections from lay-offs as well as from nonrenewals of contracts. That argument might well be taken up with the Legislature, or at the next collective bargaining talks. But it does not persuade us to expand application of this statute to accommodate plaintiffs' situation.
>
> As the trial judge noted, *nonrenewal of a contract terminates the legal relationship between the contracting parties, whereas a lay-off does not necessarily mean cessation of the employment contract.* This case provides a good example of the distinction. [139 Mich App 442-443. Citations omitted; emphasis added.]

In *Roberts, supra,* this Court stated:

> Section 132 expressly refers to "nonrenewals" in imposing certain notice requirements and omits any reference to the temporary loss of employment known as layoff. The "nonrenewal" of an employment contract is a term of art and describes a phenomenon significantly different from a mid-contract economic layoff. This Court in *Wessely* observed that the "nonrenewal of a contract terminates the legal relationship between the contracting parties, whereas a lay-off does not necessarily mean cessation of the employment contract." 139 Mich App 443. Contrary to the plaintiff's arguments on appeal, the difference is not simply one

of labeling. For example, in the instant case, plaintiff was almost immediately assigned to a teaching position as required under the collective bargaining agreement between defendant and the Beecher Education Association, of which plaintiff was apparently a member. The legislative use of the term "nonrenewal" in § 132 is specific and unambiguous and must be construed and applied on its face. Since this case involved an economic layoff and not a nonrenewal, § 132 does not apply.

Our construction of the language comports with the clear purpose of § 132, which is to protect nontenured administrators from the arbitrary and capricious actions of local school boards. Where a school board's action in dismissing an administrator is genuinely mandated by economic conditions, the potential for arbitrary and capricious behavior is all but precluded. We note in this context that § 132 does not guarantee continued employment but merely attempts to guarantee that an administrator will not be discharged for reasons that are arbitrary or capricious. The notice requirements are procedural mechanisms designed to achieve this purpose. [143 Mich App 268-269.]

Under *Wessely* and *Roberts,* the word "nonrenewal," as used in the statutory provision at issue, unambiguously denotes the severance of the legal relationship between the employer school district and the employee administrator. I would therefore construe the word "nonrenewal" to be synonymous with either the word "discharge" or the word "termination" and conclude that the reassignment of a nontenured administrator to a classroom teaching position does not trigger the procedural protections of MCL 380.132; MSA 15.4132. See *Roberts,* 143 Mich App 268-269; *Wessely,* 139 Mich App 443.

In this case, there was no termination of the legal employer-employee relationship that existed between plaintiff and the district. Instead, plain-

tiff's employment continued in a different position. Further, the parties' employment contract for the 1989-90 school year clearly contemplated and reserved to the district the right to change plaintiff's assignment. Under these circumstances, and in light of the law as expressed in *Roberts, supra,* and *Wessely, supra,* the trial court properly granted summary disposition for defendants. I would hold that the procedural protections set forth in MCL 380.132; MSA 15.4132 do not apply absent a complete cessation of the employer-employee relationship and, because such a cessation did not occur in the present case, I would affirm.