SANDERS v DELTON KELLOGG SCHOOLS

Docket No. 102406. Argued October 8, 1996 (Calendar No. 6). Decided December 17, 1996.

Camille C. Sanders brought an action in the Barry Circuit Court against the Delton Kellogg Schools and M. Dean McBeth, individually and as Superintendent of Schools, alleging that they violated her employment contract and the nonrenewal provisions of MCL 380.132(2); MSA 15.4132(2) by reassigning her from a school administrator position to a nonadministrative teaching position. The court, Richard M. Shuster, J., granted summary disposition for the defendants, finding that the plaintiff's employment had not been terminated, that therefore the statute did not apply, and that reassignment was a lawful exercise of the assignment provision of the contract. The Court of Appeals, FITZGERALD, P.J., and L. M. GLAZER, J. (MACKENZIE, J., dissenting), reversed and remanded the case, holding that reassignment of an administrator to a nonadministrative position constitutes nonrenewal of the contract within MCL 380.132; MSA 15.4132 (Docket No. 161752). The defendants appeal.

In an opinion by Justice CAVANAGH, joined by Chief Justice BRICKLEY, and Justices LEVIN and MALLETT, the Supreme Court held:

Nonrenewal of a contract for a school administrative position means termination from the administrative position or reassignment from an administrative position to a nonadministrative position.

1. "Nonrenewal" as used in MCL 380.132; MSA 15.4132 is ambiguous, susceptible of two reasonable interpretations. It may be read as terminating an administrative position or terminating the legal relationship between the parties. The word is not defined under the act, let alone as "termination." The statute merely states that notice must be given sixty days before the contract is to end. The term "nonrenewal" was used because it encompasses more than mere termination of a legal relationship. The issue presented is not whether the plaintiff may be reassigned, but whether the plaintiff may be reassigned arbitrarily. In order to give effect to the Legislature's intent, the plaintiff may be reassigned by the school district, but only after proper notice has been given.

2. To allow the district in this case to reassign administrators to nonadministrative positions without first providing notice would allow it to use reassignment as a subterfuge for not renewing the administrative contract and intentionally denying the plaintiff the protections afforded by the statute. In addition, once an administrator is transferred to a nonadministrative position, the statute and its procedural protections are no longer applicable. If the school district were to decide to entirely terminate employment after reassignment, and, as in this case, the plaintiff had never acquired tenure, it would not have to provide any of the procedural protections afforded by the statute.

Affirmed.

Justice WEAVER, joined by Justices BOYLE and RILEY, dissenting, stated that reassignment of a school administrator to a nonadministrative teaching position does not constitute nonrenewal of a contract under 1979 PA 183, MCL 380.132(2); MSA 15.4132(2).

The term "nonrenewal" is not ambiguous. In measuring the period for nonrenewal notification, the statute specifically refers to the contract termination date. Clearly, the legislative intent is to protect administrators from termination of the contract itself, not to insure that they will not be reassigned pursuant to the contract. In this case, the legal relationship, the contract of employment, between the parties continued. The parties continued to be bound by it, and the plaintiff was compensated according to its terms. The defendants merely exercised their option of reassigning the plaintiff under the employment contract. Although it is possible for the defendant's conduct to result in the effective nonrenewal of a contract, that simply did not occur in this case. At all times the defendants were proceeding under the contract and observing its terms. Because the defendant adhered to the contract's terms, there was no constructive nonrenewal. The reassignment of the plaintiff to a nonadministrative position did not terminate her contract with defendants.

Further, the plaintiff, despite being reassigned, is still protected by the statute's requirement for notice of nonrenewal. As long as the school district continues to renew the contract of an employee who was originally assigned as an administrator, the district cannot terminate that employee's employment without notice of nonrenewal consistent with the statute, regardless of the employee's nonadministrative reassignment.

209 Mich App 34; 530 NW2d 114 (1995) affirmed.

*Britton & Bossenbroek, P.C.* (by *Gary T. Britton* and *Mary A. Owens*), for the defendants.

Amici Curiae:

*Gregory, Moore, Jeakle, Heinen, Ellison & Brooks, P.C.* (by *Gordon A. Gregory* and *Lisa S. Lane*), for Michigan Elementary and Middle School Principals Association and Michigan Association of Secondary School Principals.

CAVANAGH, J. This case requires us to determine whether the reassignment of a school administrator to a nonadministrative teaching position constitutes "nonrenewal" of a contract under 1979 PA 183, MCL 380.132; MSA 15.4132, repealed by 1995 PA 289.[1] We believe that it does. We affirm the decision of the Court of Appeals.

In 1985, plaintiff was hired as an administrator in the Delton Kellogg Schools. During 1989-90, she was serving as a middle school assistant principal. Her contract of employment for the 1989-90 school year provided in part:

> This contract is for professional services with the present assignment being assistant principal in the middle school. Such assignment is subject to change by the employer with proper notice to the employee.

---

[1] MCL 380.132(2); MSA 15.4132(2) provided:

> The board may employ assistant superintendents, principals, assistant principals, guidance directors, and other administrators who do not assume tenure in position, for terms, not to exceed 3 years, fixed by the board and shall define their duties. The employment shall be under written contract. *Notification of nonrenewal of contract shall be given in writing at least 60 days before the contract termination date or the contract is renewed for an additional 1-year period.* [Emphasis added.]

This statute was reenacted in substantially the same form. See MCL 380.1229; MSA 15.41229.

In June 1990, plaintiff was verbally informed that her contract would be rolled over for the 1990-91 school year and that she would be reassigned to a teaching position within the school district at the same salary. On August 9, 1990, plaintiff received written notice to this effect. After the reassignment, plaintiff continued to be compensated in accordance with her administrative contract. Both parties agree that plaintiff was not given a sixty-day written notice. However, defendants contend that such notification was not necessary because plaintiff's reassignment did not constitute a nonrenewal of her contract.

Plaintiff filed suit[2] in circuit court, asserting that defendants, the school district, and its superintendent violated her contract and the renewal provisions of MCL 380.132(2); MSA 15.4132(2), when she was reassigned to a nonadministrative position. The court granted summary disposition in favor of defendants, finding plaintiff's employment had not been terminated and, therefore, the statute did not apply. Further, the court held that reassignment was a lawful exercise of the assignment provision in plaintiff's contract. The Court of Appeals reversed and remanded, holding that reassignment of an administrator to a nonadministrative position constitutes nonrenewal of the contract within the meaning of MCL 380.132; MSA 15.4132. 209 Mich App 34; 530 NW2d 114 (1995).

II

The sole issue before us is whether reassignment of the school administrator to a nonadministrative posi-

---

[2] Plaintiff's suit also alleged a violation of Michigan's civil rights act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* This issue was dismissed by stipulation of the parties.

tion constitutes a "nonrenewal" within the meaning of MCL 380.132; MSA 15.4132. "Nonrenewal" was not defined under the act, and the parties disagree about the scope of the term. In resolving disputed interpretations of statutory language, it is the function of the reviewing court to effectuate the legislative intent. *Hiltz v Phil's Quality Market*, 417 Mich 335; 337 NW2d 237 (1983). If the language used is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written. *Id.* It is the function of the court to fairly interpret a statute as it then exists; it is not the function of the court to legislate. *Roosevelt Oil Co v Secretary of State*, 339 Mich 679; 64 NW2d 582 (1954).

We submit that the term "nonrenewal" is ambiguous, because it is subject to at least two reasonable interpretations. "Nonrenewal" may be read as terminating the administrative position or terminating the legal relationship (as the dissent would hold). It is the function of this Court to effectuate the legislative intent. We hold that the term "nonrenewal" means termination or reassignment from an administrative position.

If we were to hold that "nonrenewal" meant only terminating the legal relationship, it would require the employee to have entirely ended her relationship with the school district before the provisions of the statute applied. We find this definition too restrictive. Indeed, as the dissent has acknowledged, it is possible for a contract to be effectively nonrenewed by the defendants' conduct.

The defendants assert that the language of the statute clearly displays the legislative intent to protect

administrators from "termination" because the statutory language reads:

> The employment shall be under written contract. Notification of nonrenewal of contract shall be given in writing at least 60 days before the contract *termination* date or the contract is renewed for an additional 1-year period. [MCL 380.132(2); MSA 15.4132(2) (emphasis added).]

We find this argument strained at best. We fail to see how nonrenewal is defined here at all, let alone as "termination." The statute merely states that notice must be given sixty days before the contract is to end. We fail to see how this reference to the period for nonrenewal provides clear legislative intent that it only intended to protect administrators from employment termination, rather than termination of the employee's administrative position. The dissent's analysis does not resolve why the Legislature simply did not use the word "termination" rather than "nonrenewal." We submit that the term "nonrenewal" was used because it encompasses more than mere termination of the legal relationship.

To be sure, it is essential to address defendants' assertion as stated by counsel at oral argument:

> [*Ms. Owens:*] Now, I would like you to assume, for example, that three months into an administrator's contract, the school board determines that a particular individual is totally incompetent, totally unqualified to assume that position, and that his or her tenure, as an administrator is creating absolute chaos in the district. Certainly, a local board of education needs to have the discretion to move that individual out of that particular position, and I think that the fact that they specifically reserve the right to exercise that discretion should be given full force and effect.

We agree wholeheartedly with defendants' assertion. The contract is also very clear that plaintiff can be reassigned.

However, the issue presented is not *whether* plaintiff may be reassigned, but whether plaintiff may be reassigned *arbitrarily*. In order to give effect to the Legislature's intent, plaintiff may be reassigned by the school district, but only after proper notice has been given. Therefore, if the school district has a "totally incompetent, totally unqualified" individual in an administrative position, reassignment or termination would withstand scrutiny under an arbitrary standard during a hearing. In fact, plaintiff's contract even provides:

> This contract is for professional services with the present assignment being assistant principal in the middle school. Such assignment is subject to change by the employer *with proper notice to the employee.* [Emphasis added.]

In *Wessely v Carrollton School Dist*, 139 Mich App 439, 443; 362 NW2d 731 (1984), and *Roberts v Beecher Community School Dist*, 143 Mich App 266, 268-269; 372 NW2d 328 (1985), cited by the dissent, the Court of Appeals stated that nonrenewal of a contract terminates the legal relationship between the contracting parties. However, neither case is directly on point. In both cases the plaintiffs were laid off for economic reasons. Both panels of the Court of Appeals held that an economic layoff did not constitute nonrenewal of the contract under MCL 380.132; MSA 15.4132. Here, however, the legal relationship between the parties continued.

The *Roberts* Court stated,

> Where a school board's action in dismissing an administrator is genuinely mandated by economic conditions, the potential for arbitrary and capricious behavior is all but precluded. . . . [L]egitimate economic layoffs are by their nature neither arbitrary nor capricious . . . . [*Id.* at 269.]

In the present case, there is nothing to indicate that plaintiff's reassignment to a nonadministrative position is temporary. Furthermore, as the Court of Appeals noted, the record suggests that the action taken by defendants may have, in fact, been arbitrary.[3] This is precisely the harm the statute attempts to prevent.

In *Wessely*, the Court noted:

> Plaintiffs have made no allegations that defendant laid them off as a subterfuge for not renewing the contract, so as to intentionally deny them the procedural protections the statute offers for nonrenewal of contract. [*Id.* at 444.]

The opposite is true in this case. To allow the district to reassign administrators to nonadministrative positions without first providing notice would allow it to use the reassignment as a subterfuge for not renewing the administrative contract and intentionally denying plaintiff the protections afforded by the statute.

The potential for school districts to reassign administrators as a subterfuge for not renewing a contract

---

[3] As the Court of Appeals noted, the superintendent

determined that it would be in the district's best interest if plaintiff did not continue in the position of middle school assistant principal. He has repeatedly refused to provide any specific reason to explain his determination. Instead, he explained that "[i]t's just my judgment." [209 Mich App 39, n 2.]

becomes evident in light of defendants' admission at oral argument. Counsel stated:

> [I]f we assume that a school board hires individual A to be a principal and then decides they are going to reassign them, say to a secretarial position or janitorial position, that raises the question, what are the limits of a school board's discretion to reassign individuals and have it not be considered a termination of their administrator's contract[?] [A]nd to that I would say that, in fact, school boards do have that discretion if they reserved that in their contract.

The potential for abuse is clear. Under the dissent's analysis, an administrator, who entered a contract for an administrative position, indeed could be *arbitrarily* reassigned as a janitor. However, where "nonrenewal" means terminating the employee's administrative position, school districts would be able to reassign administrators as janitors *only if* such reassignments were not done arbitrarily.

The other "subterfuge" problem concerns the language of the statute itself. The statute in question only applies to "assistant superintendents, principals, assistant principals, guidance counselors and other administrators who do not assume tenure . . . ." MCL 380.132(2); MSA 15.4132(2). This is also evidenced by subsection 3, which stated, "nonrenewal of contract *of a person described in this section* may be given only for a reason that is not arbitrary or capricious." MCL 380.132(3); MSA 15.4132(3) (emphasis added). Once an administrator is transferred to a nonadministrative position such as teacher or janitor, the statute and its procedural protections are no longer applicable. If the school district were to decide to entirely terminate plaintiff's employment after the reassignment, and, as here, plaintiff never acquired

tenure in her position, it would not have to provide any of the procedural protections afforded by the statute. This would allow purposeful superintendents to avoid the statutory requirements by transferring the plaintiff to a nonadministrative position, and then firing her without notice.[4]

III

The potential injustices flowing from the dissent's analysis do not seem to comport with the legislative intent. The purpose of the statute is to protect administrators from being arbitrarily removed from their administrative positions. Proper notice allows the employee sufficient time to seek employment for other administrative positions. Therefore, we hold that the term "nonrenewal" means termination from the administrative position or reassignment from an administrative position to a nonadministrative position. We affirm the decision of the Court of Appeals.

Brickley, C.J., and Levin and Mallett, JJ., concurred with Cavanagh, J.

Weaver, J. (*dissenting*). As the majority states, the sole issue before this Court is whether the reassignment of a school administrator to a nonadministrative teaching position constitutes "nonrenewal" of a contract under 1979 PA 183, MCL 380.132; MSA 15.4132

---

[4] The dissent argues that after plaintiff is transferred to a nonadministrative position, the procedural protections against nonrenewal are still afforded to plaintiff because she was hired as an administrator, therefore, her contract is still governed by MCL 380.132(2); MSA 15.4132(2). However, there is no support for the dissent's position in the statute. The statute clearly states that it only applies to "a person described in this section." *Id.* Therefore, once an employee no longer occupies an administrative position, the statute, and its protections, become inapplicable.

decision, repealed by 1995 PA 289. I would hold that it does not.

I disagree with the majority's conclusory statement that the term "nonrenewal" is ambiguous. In resolving disputed interpretations of statutory language, it is the function of a reviewing court to effectuate the legislative intent. *Hiltz v Phil's Quality Market*, 417 Mich 335; 337 NW2d 237 (1983). If the language used is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written. *Id.*

MCL 380.132(2); MSA 15.4132(2) provided, in pertinent part:

> Notification of nonrenewal of contract shall be given in writing at least 60 days before the contract termination date or the contract is renewed for an additional 1-year period.

In measuring the period for nonrenewal notification, the statute specifically refers to the contract *termination* date. Clearly, the legislative intent is to protect administrators from termination of the contract itself, not to insure that they will not be reassigned pursuant to the contract.

Both parties agree that plaintiff was not given a sixty-day written notice. Defendants contend, correctly I believe, that such notification was not necessary because plaintiff's *reassignment* did not constitute a *nonrenewal* of her contract.

As stated by the Court of Appeals in *Wessely v Carrollton School Dist*, 139 Mich App 439, 443; 362 NW2d 731 (1984), and *Roberts v Beecher Community School Dist*, 143 Mich App 266, 268-269; 372 NW2d

328 (1985),[1] nonrenewal of a contract terminates the legal relationship between the contracting parties. Here, however, the legal relationship, the contract of employment, between the parties continued. The parties continued to be bound by the contract, and plaintiff was compensated according to its terms. Defendants merely exercised their option of reassigning plaintiff under the employment contract.

The amici curiae[2] argue that the reassignment was actually a nonrenewal of the contract because the defendants, although they did continue to give plaintiff her benefits, were not bound to follow the terms of the contract. I disagree. Although I agree with plaintiff that it is possible for defendant's conduct to result in the effective nonrenewal of a contract, that simply did not occur in this case. At all times defendants were proceeding under the contract and observing its terms. The case would be a vastly different one had defendants not done so. If, for example, in addition to reassigning plaintiff defendants had not paid plaintiff the salary or benefits agreed upon, then I would agree that the contract had not been renewed. However, the record clearly shows that is not the situation before us. Because defendant adhered to the contract's terms I cannot say that there was a constructive nonrenewal.

Despite plaintiff's arguments to the contrary, the reassignment of plaintiff to a nonadministrative posi-

---

[1] As the amici curiae note, neither *Wessely* nor *Roberts* is directly on point. In both cases the plaintiffs were laid off for economic reasons. Both panels of the Court of Appeals held that an economic layoff did not constitute nonrenewal of the contract under MCL 380.132; MSA 15.4132.

[2] Michigan Elementary and Middle School Principals Association and Michigan Association of Secondary School Principals have filed a brief as amici curiae. Plaintiff-appellee has not filed a brief with this Court.

tion did not terminate her contract with defendants. Further, plaintiff, despite being reassigned, is still protected by the statute's requirement for notice of nonrenewal. As long as the school district continues to renew the contract of an employee who was originally assigned as an administrator, the district cannot terminate that employee's employment without notice of nonrenewal consistent with the statute, regardless of the employee's nonadministrative reassignment.

I would reverse the judgment of the Court of Appeals and reinstate the circuit court's order granting summary disposition in favor of defendants.

BOYLE and RILEY, JJ., concurred with WEAVER, J.