2001 SD 94

**WEBSTER EDUCATION ASSOCIATION, Petitioner and Appellee,**

v.

**WEBSTER SCHOOL DISTRICT # 18–4 and Board of Education, Respondents and Appellants.**

**No. 21687.**

Supreme Court of South Dakota.

Considered on Briefs April 24, 2001.

Decided July 18, 2001.

Anne Crowson Plooster, South Dakota Education Association, Pierre, SD, Attorney for petitioner and appellee.

Thomas H. Harmon of Tieszen Law Office, Pierre, SD, Attorneys for respondents and appellants.

AMUNDSON, Justice.

[¶ 1.] The Webster School District (District) appeals the Department of Labor's (DOL) decision to require the District to negotiate its reduction in force (RIF) and Recall Policy with Webster Education Association (WEA). We affirm.

## FACTS

[¶ 2.] Pursuant to the parties' stipulation, the facts are as follows. WEA and the District pursued a course of collective bargaining for the 1998–1999 school year. Negotiations were ultimately unsuccessful and the District declared an impasse on May 27, 1998. Pursuant to the rules of an impasse, the District implemented its "last best offer" on September 28, 1998. Of the items implemented through the "last best offer,"only the matter of staff reduction and recall are subject to this appeal.

[¶ 3.] As part of the "last best offer," the District removed the previous RIF and Recall Policy from the negotiated agreement and made the policy a non-negotiated

board policy. This action caused the WEA to file an unfair labor practices complaint dated February 8, 1999, with the DOL. The DOL found that the District had committed unfair labor practices when it removed the RIF and Recall Policy from the negotiated agreement and unilaterally modified the policy. The DOL stated in its memorandum decision that

> Although the decision whether or not to reduce force, or whether or not to recall is a matter for determination by the school districts, and is a matter that should be within the sole discretion of the school districts; the procedure or policy concerning how to reduce force or how to recall, and what criteria are to be used in making these decisions is not a matter that should be within the sole managerial discretion of the school districts.

The District appealed the DOL's decision, and on August 23, 2000, the circuit court affirmed. The District appeals, raising the following issue:

> Whether the RIF and Recall Policy is subject to mandatory negotiation as "other conditions of employment," under SDCL 3–18–3.

## STANDARD OF REVIEW

■ [¶ 4.] Our legislature has recently revised our standard of review for agency decisions: "Findings of fact, whether based on oral or documentary evidence, may not be set aside unless clearly erroneous[.]" SDCL 15–6–52(a). Since the parties stipulated to the facts before the DOL, the issues presented to the circuit court were solely legal issues to be reviewed de novo. *Sisseton Educ. Assoc. v. Sisseton Sch. Dist.,* 516 N.W.2d 301 (S.D.1994); *Oberle v. City of Aberdeen,* 470 N.W.2d 238 (S.D.1991).

## DECISION

■ [¶ 5.] Under SDCL 3–18–3, in order to be a negotiable item for public employees, the subject must be related to "rates of pay, wages, hours of employment, or other conditions of employment." * In *Rapid City Educ. Ass'n v. Rapid City Sch. Dist. No. 51–4,* 376 N.W.2d 562 (S.D.1985), this Court further defined the terms and conditions of employment which are subject to negotiation by adopting the three-part test applied by the Supreme Court of New Jersey in *In re Local 195, IFPTE, AFL–CIO v. State,* 88 N.J. 393, 443 A.2d 187 (1982), namely:

(1) a subject is negotiable only if it 'intimately and directly affect[s] the work and welfare of public employees....'

(2) an item is not negotiable if it has been preempted by statute or regulation ...

(3) a topic that affects the work and welfare of public employees is negotiable only if it is a matter 'on which negotiated agreement would not significantly interfere with the exercise of inherent management prerogatives pertaining to the determination of governmental policy.'

*Rapid City Educ. Ass'n,* 376 N.W.2d at 564. If the challenger can satisfy all three prongs, the subject must be negotiated.

■ [¶ 6.] First, we must determine whether WEA has met its burden of showing that the RIF and Recall Policy is a

---

\* It is clear from the policy instituted pursuant to the last best offer that such policy applies to tenured teachers. The policy states that "staff reduction occurs when the board eliminates all or any of a contract held by anyone whom continuing contract applies...." The policy speaks for itself. Those teachers subject to continuing contract law are tenured teachers.

subject which "intimately and directly affect the work and welfare of public employees." A tenured teacher may only be non-renewed for "just cause" according to SDCL 13–43–6.1 or under RIF. RIF, as one of only two possible safe harbors that protect a teacher from non-renewal, highlights the importance of having a mandatory negotiable policy. Without such policy, a teacher would only have SDCL 13–43–6.1 as a source of protection of his or her rights from non-renewal. Therefore, it is clear that the RIF and Recall Policy "intimately and directly affects the work and welfare" of the teachers to whom it may apply. As the DOL and the circuit court found that WEA met the first prong, and the District has not shown any error as to that conclusion, we will focus our attention to prongs two and three.

[¶ 7.] Next, the District contends that the state legislature's repeal of SDCL 13–10–11 and the subsequent enactment of SDCL 13–43–6.4 obviate the mandatory nature of negotiating the RIF and Recall Policy. It is clear the legislature did not preempt the field when it repealed SDCL 13–10–11 and enacted SDCL 13–43–6.4.

[¶ 8.] SDCL 13–10–11 merely provided that "[a]ll school boards shall establish a written policy for teacher reduction and recall." There is nothing in SDCL 13–10–11 itself that made a RIF policy mandatorily negotiable. Likewise, SDCL 13–43–6.4 does not involve the negotiability of the RIF and Recall Policy. SDCL 13–43–6.4 states, in pertinent part, that "if a teacher's contract is not renewed due to a reduction in staff, only written notice is required, which shall be provided by the school board to the teacher by April fifteenth." The statute makes no mention of negotiability, or whether it is discretionary or mandatory. Therefore, the legislature has not enacted or repealed legislation

contrary to our well-settled principles of public employment law.

[¶ 9.] The above two statutes clearly do not provide a basis for preemption of the RIF and Recall Policy from negotiation. As the New Jersey Supreme Court stated in *Township of Old Bridge Bd. of Educ. v. Old Bridge Educ. Ass'n*, 98 N.J. 523, 489 A.2d 159, 162 (1985), "[n]egotiation on terms and conditions of employment will be preempted by a statute or regulation if the provision addresses the particular term or condition 'in the imperative and leaves nothing to the discretion of the public employer.'" On appeal, the District has not shown how SDCL 13–10–11 and SDCL 13–43–6.4 preempt the negotiability of the RIF and Recall Policy.

[¶ 10.] The third prong of whether the "topic that affects the work and welfare of public employees is negotiable only if it is a matter 'on which negotiated agreement would not significantly interfere with the exercise of inherent management prerogatives pertaining to the determination of governmental policy'" is also met. In *Oberle*, this Court stated:

> In the context of public sector labor disputes, to take an otherwise mandatory subject of negotiation out of the scope of required bargaining, there must be a significant impairment of the ability of the employer to determine public policy. We are required to balance the competing interests by considering the extent to which collective negotiations will impair the determination of governmental policy.

470 N.W.2d at 246 (internal citations omitted). We agree with the DOL's analysis that the procedure or policy concerning how to reduce force or how to recall is not a matter solely within the managerial discretion of the school districts. The District has the exclusive managerial dis-

cretion to make decisions as to when to implement its RIF and Recall Policy, but once the District exercises such discretion, the procedure laid out in the RIF and Recall Policy is subject to mandatory negotiation.

[¶11.] There is a "distinction between the public employer's *substantive* decision to transfer or assign employees and the *procedural* process to be followed [after] making such a decision.... The former constitutes inherent managerial prerogatives, while the latter does not." *Township of Old Bridge, supra* at 162 (emphasis in original). "[T]he decision to reduce staff is a managerial decision for the school board and thus is not mandatorily negotiable. However, the *mechanics* for termination or non-renewal of teachers as a result of reduction of staff are mandatorily negotiable items." *Thompson v. Unified School Dist. No.* 259, Wichita, 16 Kan.App.2d 42, 819 P.2d 1236, 1239 (1991) (emphasis added). Because the RIF and Recall Policy is procedural or mechanical in nature, it does not circumscribe the District's inherent governmental prerogatives. Therefore, the third prong is met.

[¶12.] Affirmed.

[¶13.] MILLER, Chief Justice, and GILBERTSON, Justice, and RUSCH, Circuit Judge, concur.

[¶14.] KONENKAMP, Justice, concurs in result.

[¶15.] RUSCH, Circuit Judge, sitting for SABERS, Justice, disqualified.

KONENKAMP, Justice (concurring in result).

[¶16.] The majority opinion reaches the correct conclusion, and I concur with it. The parties agreed to de novo appellate review. But whether we apply the standard of review from SDCL 15-6-52(a)

to agency fact findings on disputed or undisputed facts must be left for another day.